LANDON and INGALLS, JJ., concur.

---

In the Matter of CLARISSA COOK, a Lunatic.

*Supreme Court, Third Department, General Term, July 6, 1889.*

1. *Insane persons. Jurisdiction.*—The jurisdiction of the county judge, in a lunacy proceeding, does not depend upon notice given to all of the next of kin; and, in the absence of any suggestion of injury to the lunatic because of non-service upon one of them, an objection to that effect should be disregarded.
2. *Same.*—In respect to the appointment of a committee, the interests of the heirs and next of kin must be wholly secondary to the interest of the lunatic, both with respect to her person and estate.
3. *Same.*—The adjudication as to lunacy is limited to the fact as it exists at the time of the inquiry.

Appeal by one of the children of the alleged lunatic from the order of the county court, confirming the inquisition of the jury and appointing a committee of her person and estate; and also from a subsequent order denying a motion to set aside the order appointing a committee.

*Steele & Prescott*, for appellants.

*Morrel & Spraker*, for respondents.

LANDON, J.—This case is, in some of its features, similar to the Matter of Damelt (27 Hun, 480). The petitioner did not prove that notice of the execution of the commission had been served upon Christopher Fox, a grandson and one of the next of kin of the alleged lunatic, pursuant to the order directing such execution. Notice was served upon the appellant, which was of no avail to her, because she misread the date of the hearing. Christopher Fox himself lived near his grandmother, and the place where the commission was executed, and no affidavit is presented showing that he complains of the proceedings or takes any interest in them. The case cited is to the effect that the jurisdiction of the county judge does not depend upon notice given to all of the next of kin, and in the absence of any suggestion of injury to the lunatic because of non-service upon one of them, the objection should be disregarded.

Many affidavits were read upon the motion to vacate the order appointing Jacob C. Cook committee of the person and estate of the lunatic. It is obvious that one of the strong motives leading to the objections to the appointment is the concern of the appellant respecting the property of the lunatic.

Jacob C. Cook, the committee, claims the appellant is indebted to the lunatic, and also that another daughter, Mrs. Nellis, is indebted, and actions are pending against each of them. The appellant alleges that Jacob himself owes his mother. An action was pending by her against him

at the date of his appointment. The merits of these controversies cannot be here determined.

The case cited reaffirms a long established rule that the interests of the heirs and next of kin must, in such a proceeding, be wholly secondary to the interests of the lunatic, both with respect to her person and estate.

Regarding the interests of the lunatic, we think the reasons for the appointment of the present committee outweigh all the objections urged.

· The inquisition and order confirming it are, however, erroneous in that they assume to adjudge that Clarissa Cook had been a lunatic for more than two years prior to the date of the inquisition, and had during that time transferred a certificate of deposit for $1,000 to Elizabeth Crouse, this appellant. The former practice in this respect has been changed by section 2335, Code Civil Procedure, and the adjudication as to lunacy is now limited to the fact as it exists at the time of the inquiry. Matter of Demelt (*supra*); Dominick v. Dominick, 10 State Rep. 32. It does not appear that this question was presented to the county judge either at the time of the confirmation of the inquisition, or upon the motion to vacate the appointment. But in the interest of the lunatic, if not in that of the appellant, the order confirming the inquisition should be conformed to the law. We, therefore, modify the order of confirmation by denying confirmation of the inquisition respecting the time from which the lunatic's infirmity dated prior to the finding of the inquisition, and respecting her transfer of property during that time. In other respects, both orders appealed from are affirmed, without costs.

LEARNED, P. J., and INGALLS, J., concur.