(31 Misc. Rep. 99.)

### In re GROTE.

(Supreme Court, Special Term, Albany County. April. 1900.)

1. COMMISSION DE LUNATICO INQUIRENDO—IMPROPER FINDINGS.

    As Code Civ. Proc. § 2335, expressly limits the inquiry on a question of competency to the time of the inquiry under a commission de lunatico inquirendo, it was improper on such inquisition to determine that the alleged incompetent person had conveyed her property while incompetent, or that her incompetency existed for a period of seven months prior to the inquisition, though section 2325 authorizes an allegation in the petition that the alleged incompetent had conveyed her property during incompetency, etc., and section 2328 provides for an inquiry into the matters set forth in the petition.

2. SAME—CONFIRMATION OF OTHER FINDINGS.

    Improper findings on an inquisition under a commission de lunatico inquirendo that the alleged incompetent had conveyed her property while incompetent, and that her incompetency extended for a period of seven months prior to the inquisition, will not prevent the confirmation of other findings, including the finding of incompetency at the date of the inquisition.

Inquisition as to the insanity of Jemime Grote under a commission de lunatico inquirendo, and for the appointment of a committee. Inquisition confirmed, and committee appointed.

Smith O'Brien, for petitioner.
Winfield S. Hevenor, for Adam B. Grote.

CHESTER, J.   The inquisition returned by the commissioner and jurors and the verdict of the jurors show that they have found that Jemime Grote was incompetent, by reason of unsound mind and weakened understanding, to care for herself or manage her property, not only at the time of the inquiry, but also that said infirmity dates back at least seven months prior to the inquiry, and that during that time she had conveyed her real estate to her husband, Adam B. Grote.   While section 2325 of the Code of Civil Procedure authorizes an allegation in the petition that the alleged incompetent person had conveyed her property during her incompetency, as well as allegations to whom, for what value, and for what consideration, and section 2328 provides for an inquiry into the matters set forth in the petition, yet section 2335 expressly limits the inquiry upon the question of incompetency to the time of the inquiry.   For this reason, notwithstanding there was ample testimony to support all the findings made, it was improper to determine that the alleged incompetent person had conveyed her property while incompetent, or that her incompetency extended back for a period of seven months prior to the inquisition.   In re Demelt, 27 Hun, 480.   The error, however, will not prevent confirmation of the other findings; including the finding of incompetency at the date of the inquisition.   In re Cook (Sup.) 6 N. Y. Supp. 720.   To this extent the inquisition should be confirmed, and a committee appointed.   The attorney for the petitioner may prepare an order of confirmation as above indicated, and for the appointment of the petitioner, Maria Van Arnam,—the daughter of Mrs. Grote,—as committee of her person and estate, and submit it for settlement upon a two-days notice, at which time the amount of the bond will be fixed, and the question of costs determined.

Ordered accordingly.