(32 Misc. Rep. 540.)

## In re SCHRODT.

(Supreme Court, Special Term, Albany County. October, 1900.)

1. INSANE PERSONS—ADJUDICATION—LIMITATION—SPECIAL DIRECTION.

Code Civ. Proc. § 2335, prescribes that an adjudication as to lunacy shall be confined to the fact as it existed at the time of the inquiry, and that testimony respecting one's state of mind, more than two years prior to the inquiry, shall not constitute proof of lunacy, "unless the court otherwise specially directs." Section 2328 requires that an inquiry be made into the matter set forth in the petition. A petition recited that an alleged lunatic had been incompetent to manage her affairs for more than six years last past. The order for the writ authorized an inquiry into all matters set forth in the petition. Held that, there being no special provision in the order for the writ directing an inquiry covering six years, a clause in the writ directing such an inquiry should be stricken out; the general direction in the order not being sufficient to authorize it.

2. SAME—LUNACY—DEFINITION.

Code Civ. Proc. § 2335, prescribes that an adjudication as to lunacy shall be confined to the fact as it existed at the time of the inquiry, and that testimony respecting one's state of mind more than two years prior to the inquiry shall not constitute proof of lunacy. Section 2320 provides that the court's jurisdiction shall extend to the custody of persons incompetent

in consequence of imbecility or loss of understanding or memory. Statutory Construction Law, § 7, recites that "lunacy" shall include every unsoundness of mind except idiocy. A petition recited that an alleged lunatic had been "incompetent to manage her affairs in consequence of imbecility and loss of memory and understanding." *Held* that, notwithstanding section 2320, a clause in the writ authorizing an inquiry covering six years should be stricken out, the alleged unsoundness of mind amounting to "lunacy," under the construction set out, and hence section 2335 was applicable.

3. SAME—PERIOD OF INQUIRY.

Under Code Civ. Proc. § 2335, providing that an adjudication as to lunacy shall be limited to the fact as it existed at the time of the inquiry, and that testimony as to one's condition more than two years prior to the inquiry shall not constitute proof of lunacy unless the court specially directs otherwise, the court will not direct an inquiry covering a longer period, there being no apparent reason therefor.

Proceeding for the appointment of a committee, etc., of Catherine Schrodt. Motion to strike a clause from the writ de lunatico inquirendo, directing an inquiry as to the condition of the alleged incompetent for the six prior years. Granted.

Peter A. Stephens and Lewis E. Carr, for the motion.
B. R. Heyward and Edward J. Meegan, opposed.

CHESTER, J. The order for the commission or writ contains no special direction for an inquiry covering a period of six years, unless it be found in the usual clause authorizing an inquiry into all the matters set forth in the petition, where it is alleged "that for more than six years last past the said Catherine Schrodt has been incompetent to manage her affairs in consequence of imbecility and loss of memory and understanding." This does not amount to a special direction by the court to extend the inquiry beyond two years, under the authority of section 2335 of the Code of Civil Procedure, for the order expressly directs that the commission is to issue in the "usual form." This requires, under section 2328, Id., an inquiry into the matters set forth in the petition. But this, in the absence of a special direction in the order, does not authorize the taking of testimony with respect to the alleged incompetency covering a period of six years, because of the restrictions contained in section 2335, Id. That section provides that, where the petition alleges that the person "is incompetent by reason of lunacy, the inquiry with respect to his incompetency upon the execution of a commission * * * must be confined to the question whether he is so incompetent at the time of the inquiry; and testimony respecting anything said or done by him, or his demeanor, or state of mind more than two years before the hearing shall not be received as proof of lunacy."

It is urged, however, against this motion, that because the court is given jurisdiction by section 2320, Id., of the person and the property of a person incompetent to manage himself or his affairs in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss of memory or understanding, and because in the petition here it is claimed that the alleged incompetency comes from imbecility and loss of memory and understanding, the limitation contained in section 2335 does not apply, and therefore

that it is proper to enlarge the scope of inquiry to six years, and not confine it to two. There might be some force in this position were it not for the fact that the statutory construction law, in section 7, provides that the terms "lunatic" and "lunacy" include every kind of unsoundness of mind except "idiocy." Under this construction, the word "lunacy," as used in section 2335, includes all phases of alleged incompetency stated in the petition, and the restrictions there imposed upon the inquiry must be obeyed. The motion should therefore be granted.

A counter motion is made to amend the order for the writ so that it shall contain a special direction to extend the inquiry for a period of six years. No reason is apparent why this should be done. The real inquiry is as to whether there is incompetency at the time of executing the commission, and, under the law as it now stands, the courts will not confirm an inquisition where it goes beyond this. In re Demelt, 27 Hun, 480; In re Cook (Sup.) 6 N. Y. Supp. 720. The motion to amend is denied.

Ordered accordingly.